United States Court of Appeals

For the Eighth Circuit

_____

No. 14-3852
_____

United States of America

*Plaintiff - Appellee*

v.

Bulmaro Villegas-Rodriguez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 11, 2015
Filed: June 19, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Bulmaro Villegas-Rodriguez directly appeals the within-Guidelines-range sentence the district court[1] imposed after he pled guilty to drug-related conspiracy

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

Appellate Case: 14-3852     Page: 1     Date Filed: 06/19/2015 Entry ID: 4287004

charges. His counsel has moved to withdraw, and has filed a brief citing <u>Anders v. California</u>, 386 U.S. 738 (1967), acknowledging an appeal waiver in Villegas's plea agreement, and otherwise challenging Villegas's sentence. Villegas has filed a supplemental brief asserting, in part, that his guilty plea was not knowing and intelligent because trial counsel misadvised him about possible defenses and the length of the sentence he would receive, and that the district court did not address the sentencing implications of his illegal-immigrant status. He also challenges his conviction and sentence on various grounds.

Upon careful review, we conclude that Villegas's challenges to the voluntariness of his guilty plea are unavailing, <u>see</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); <u>see also</u> <u>United States v. Thompson</u>, 770 F.3d 689, 694 (8th Cir. 2014) (addressing defendant's arguments on appeal that his plea was involuntary, and affirming; appeal waivers are not absolute and decision to be bound by provisions of plea agreement must be knowing and voluntary), because the record does not establish a reasonable probability that, but for his misunderstandings, he would not have pleaded guilty. At the plea hearing, Villegas confirmed, under oath, that he understood "everything" in the plea agreement, including the penalties he faced and the appeal waiver, which the court specifically referenced and discussed. In addition, the Presentence Report indicated that upon release from incarceration Villegas would be deported. <u>See</u> Fed. R. Crim. P. 52(a) (error that does not affect substantial rights must be disregarded); <u>United States v. Todd</u>, 521 F.3d 891, 896 (8th Cir. 2008) (Fed. R. Crim. P. 11 error affects substantial rights only where defendant shows reasonable probability that but for error he would not have pleaded guilty); <u>see also</u> <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity). Because the appeal waiver is valid, we further conclude that counsel's and Villegas's challenges to the conviction and sentence are barred, as they fall within the scope of the waiver. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be

Appellate Case: 14-3852     Page: 2     Date Filed: 06/19/2015 Entry ID: 4287004

enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice). To the extent Villegas has raised ineffective-assistance-of-counsel claims that require development of matters outside the record, we do not address them in this direct appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings).

Finally, having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment. As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____

United States Court of Appeals
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

June 19, 2015

Ms. Susan Sherberg Kister
SUSAN S. KISTER, P.C.
Apt. 1W
6221 Northwood Avenue
Saint Louis, MO  63105

RE:  14-3852  United States v. Bulmaro Villegas-Rodriguez

Dear Counsel:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc must be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

JMM

Enclosure(s)

cc: Mr. James C. Delworth
    Mr. Gregory J. Linhares
    Mr. Bulmaro Villegas-Rodriguez

District Court/Agency Case Number(s):   4:13-cr-00462-SNLJ-1